UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV440-RJC

| | |
|---|---|
| KEVIN ALAN JUDGE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  **O R D E R** |
| | ) |
| HERBERT JACKSON. Superintendent of | ) |
| Brown Creek Correctional Institution, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration of this Court's Order dismissing Petitioner's Petition for Writ of Habeas Corpus as Untimely. (Doc. No. 6).

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 2, 2010. (Doc. No. 1). On September 10, 2010, the Court issued an Order pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) warning Petitioner that his case was subject to dismissal pursuant to 28 U.S.C. § 2244(d) and allowing Petitioner twenty (20) days in which to file a document explaining why his federal habeas petition should be deemed timely filed. (Doc. No. 3).[1] On October 7, 2010, the Court dismissed Petitioner's Petition as untimely based on the information provided in Petitioner's habeas petition noting that Petitioner did not file a response to

---

[1] The Court cited to the one-year limitations period outlined in the AEDPA and also set forth Petitioner's time line from the denial of his direct appeal on July 20, 1999, noting his premature MAR which was denied prior to the conclusion of his direct appeal, through the filing of his various motions in the state trial and appellate courts between June 8, 2006 and January 19, 2010. The Court concluded that Petitioner's conviction became final on or about July 20, 1999, at the conclusion of his direct appeal and his limitations period then ran and expired on or about July 21, 2000. (Doc. No. 3).

1

the Court's Hill Order. (Doc. No. 4).

On October 19, 2010, Petitioner filed the instant Motion for Reconsideration in which he contends that on October 4, 2010, he put his "Rule 9 Issue response [] in the prison unit's mail drop within the proper time". . . ." (Doc. No. 6 at 2). Petitioner contends that his response was not mailed to the Court because it had no postage on it and Petitioner was not considered indigent. Petitioner's legal mail was returned to him on October 5, 2010 with a note stating "You are not indigent." Petitioner contends that he had no money credited to his trust fund account, so he was indigent pursuant to DOC policy. Petitioner claims to have redeposited his response in the mail two additional times on October 5 and 11 and each time his response was returned to him because he was not indigent. (Doc. No. 6 at 4).

First, the Court notes that the response Petitioner claims to have placed in the prison mail drop on October 4, 2010 would not have been timely filed according to the Court's Order. Indeed, on September 10, 2010, the Court directed Petitioner to file a document within twenty (20) days of the date of the Court's Order explaining why he believes his federal habeas petition should be deemed timely filed. (Doc. No. 3). Therefore, Petitioner's response was due on or before September 30, 2010. Fed. R. Civ. P. 6. (2010). Next, Petitioner's Motion for Reconsideration, which he was able to mail to the Court on October 18, 2010, does not include an explanation as to why he believes his federal habeas petition should be considered timely filed, which is what the Hill notice directed. Further, Petitioner does not explain why he has not since mailed his response or included the response with his motion for reconsideration. Petitioner makes no effort to explain why he believes his federal habeas petition should have been considered timely filed and therefore his

2

Motion for Reconsideration must be denied.[2]

**THEREFORE, IT IS ORDERED** that Petitioner's motion for reconsideration is denied. (Doc. No. 6).

Signed: July 6, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2] While Petitioner devotes his entire Motion for Reconsideration to the issue that the DOC violated the indigent legal mail policy and by doing so interfered with his access to the courts, he also specifically states that it is not his "intent to seek a tort claim against the officials of the State who acted improperly and under color of state law." (Doc. No. 6 at 8). However, even to the extent that was Petitioner's intention, such claim is not appropriate in a habeas action.

3